UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

**ACP IP, LLC**, a Florida limited liability
company, and **ARMANDO PEREZ p/k/a
PITBULL**, an individual,

       Plaintiffs,

v.

**OAKLEY INC.**, a Washington corporation,
**OAKLEY SALES CORP.**, a Washington
corporation, and **LUXOTTICA RETAIL
NORTH AMERICA INC.**, an Ohio
corporation,

       Defendants.
_____/

**VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR
COMPETITION AND RELATED CLAIMS**

       Plaintiffs, **ACP IP, LLC** (hereinafter "ACP") and **ARMANDO PEREZ** (hereinafter "Pérez")(collectively, "Plaintiffs"), hereby bring this action against Defendants, **OAKLEY INC.** (hereinafter "Oakley"), **OAKLEY SALES CORP.** (hereinafter "OSC"), and **LUXOTTICA RETAIL NORTH AMERICA INC.** (hereinafter "Luxottica")(collectively, "Defendants"), and allege the following:

**NATURE OF THE ACTION**

    1.    This is an action for trademark infringement, trademark dilution, and unfair competition pursuant to the Lanham Act (15 U.S.C. § 1051, *et seq.*), the anti-

dilution laws of Florida, FLA. STAT. ANN. § 495.151; and the common law of the State of Florida, and violation of right of publicity pursuant to FLA. STAT. ANN. § 540.08.

2. Defendants are offering for sale and selling eyewear in connection with an identical reproduction of Plaintiffs' federally-registered **PITBULL** trademark (the "**PITBULL** trademark" and ACP's other federally-registered trademarks referenced hereinbelow are collectively referred to as the "**PITBULL** Marks"). Plaintiffs do not manufacture Defendants' eyewear, nor are Defendants currently connected or affiliated with, or authorized by, Plaintiffs in any way. Defendants' merchandise is likely to (i) cause confusion and to deceive consumers and the public regarding its source, (ii) dilute and tarnish the distinctive quality of the **PITBULL** Marks, and (iii) exploit Pérez's professional persona.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over the claims for federal unfair competition under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121 in that said claims arise under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 et seq. This Court has supplemental jurisdiction over the remaining related state claims under 28 U.S.C. §§ 1367.

4. This Court has personal jurisdiction over Defendants because all of the Defendants have distributed, offered for sale, and/or sold infringing merchandise within this State, have engaged in acts or omissions within this State causing injury, have manufactured or distributed products used or consumed within this State in the ordinary

2

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

course of trade, or have otherwise made contacts with this State sufficient to permit the exercise of personal jurisdiction.

5. This District is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this District.

## THE PARTIES

6. Plaintiff ACP is a limited liability company organized and existing under the laws of the State of Florida, having its principal place of business at 2100 Ponce de Leon Blvd., Suite 1045, Coral Gables, Florida 33134.

7. Plaintiff Pérez is an individual residing and conducting business in Miami, Florida.

8. On information and belief, Defendant Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

9. On information and belief, Defendant OSC is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610. On information and belief, OSC is a subsidiary of Oakley, handling all domestic wholesale sales of Oakley brands.

10. On information and belief, Defendant Luxottica is a corporation organized and existing under the laws of the State of Ohio, having its principal place of business at 4000 Luxottica Place, Mason, Ohio 45040. On information and belief, Defendant Oakley is a subsidiary of Defendant Luxottica.

3

## FACTUAL ALLEGATIONS

**The Famous PITBULL Marks and Professional Persona**

11. ACP is the trademark holding company for Pérez p/k/a Pitbull, a commercially successful and critically acclaimed entertainer who performs and sells music and related merchandise throughout the United States and the world under the internationally-recognized **PITBULL** Marks.

12. ACP is the owner of the entire right, title and interest in and to the **PITBULL** Marks, and owns various trademark registrations and applications for the **PITBULL** Marks for a variety of goods and services, including but not limited to the following U.S. trademark registrations:

| *Reg. No.* | *Mark* | *Representative Goods and Services* |
|---|---|---|
| 2,980,724 | **PITBULL** | Entertainment services |
| 4,558,362 | **PITBULL** | Sunglasses |
| 4,407,126 | **PITBULL** | Website services |
| 4,544,527 | **PITBULL** | Aftershave moisturizing cream; Body lotions; Cologne; Perfumes |

Copies of ACP's trademark registrations are attached as Composite Exhibit A.

13. Pérez is a global success and his use of the **PITBULL** Marks has garnered international fame. Since 2004, Pérez's songs and albums have been prominently featured on Billboard Magazine's worldwide charts, which track the commercial success of songs and albums. Among Pérez's many accolades, he received the Latin Billboard Music Awards' Artist of the Year award in 2012, and he performed at the 2013 and 2014

4

American Music Awards, in which he was also the host. Pérez was also honored with the "Best Urban Performance" award at the 2013 Latin Grammy Awards. He also hosted "Pitbull's New Year's Revolution" on Fox in 2014.

14. In 2014, Pérez wrote and performed the official song of the 2014 FIFA World Cup and it was announced that Pérez would be receiving a star on the Hollywood Walk of Fame.

15. In addition to creating music, Plaintiffs sell related merchandise, through the PITBULL Official Store, available online at www.pitbullmusic.com, and elsewhere, in connection with the **PITBULL** Marks. Such merchandise includes, but is not limited to, apparel and accessories (as displayed below):



16. Pérez is also an avid product endorser for brands such as Kodak, Dr. Pepper, Bud Light, Pepsi, Fiat, Dodge, Playboy Enterprises and Voli Vodka. Certain of these brands have supported Plaintiffs by sponsoring Pérez's concert tours.

5

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

17. In or about 2009, Oakley was a presenting sponsor of Pérez's "Rebelution Tour," during which Pérez regularly wore Oakley-branded sunglasses while performing on stage and in media interviews.



18. Oakley touted its sponsorship of Pérez's concert tour by identifying Pérez as "International Superstar and Oakley supporter Pitbull" on the oakley.com website:

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier



Excerpts from Oakley's website discussing the "longtime Oakley Artist" and "Pitbull Rebelution Tour Presented by Oakley" are attached hereto as Composite <u>Exhibit B</u>. As a result of its sponsorship of Pérez's concert tour, Oakley indisputably possessed knowledge of Pérez's identification as PITBULL, an international superstar. By sponsoring Pérez's concert tour, Oakley also acknowledged that its target demographic significantly overlapped with Pérez's.

19. Plaintiffs have accomplished their success through, *inter alia*, the use of the valuable **PITBULL** Marks. The **PITBULL** Marks are well-known, distinctive and famous trademarks, and Plaintiffs have continuously and substantially exclusively used the **PITBULL** name and associated marks since at least as early as 2004.

7

20. Plaintiffs have spent a considerable amount of resources, time, and effort marketing and promoting the **PITBULL** Marks. As a result of Plaintiffs' extensive use, Plaintiffs have built up considerable recognition and goodwill in the **PITBULL** Marks.

**Defendant's Infringing Conduct**

21. Defendants recently began offering for sale and selling "PIT BULL" branded eyewear:



Additional examples of Defendants' use of "PIT BULL" in a manner likely to create a false impression of an association between Plaintiffs and Defendants are attached as Composite <u>Exhibit C</u>.

22. Defendants' use of the name "PIT BULL" to identify and promote competitive eyewear in marketing channels similar to those used by Plaintiffs, and to the same customers as Plaintiffs, creates a likelihood of confusion and deception with the **PITBULL** Marks. The names are virtually identical and suggest a connection or affiliation between the parties as to the source and origin of Defendants' product, and,

8

through this use, Defendants are unfairly trading on the valuable goodwill embodied in the **PITBULL** Marks.

23. Upon information and belief, Defendants undertook these activities with full knowledge of the fame and popularity of the **PITBULL** Marks, and with full knowledge of Plaintiffs' exclusive rights to the **PITBULL** Marks and in willful and intentional disregard thereof. Having sponsored Pérez's 2009 concert tour, Oakley possessed actual knowledge of, and expressly acknowledged, the fame of the **PITBULL** Marks.

24. Upon information and belief, the activities of Defendants alleged herein were undertaken with the specific intent to deceive the mislead consumers as to the sponsorship, source and origin of the product offered by Defendants.

25. Plaintiffs used the **PITBULL** Marks extensively and continuously before Defendants commenced use of the name "PIT BULL."

26. The likelihood of confusion, mistake, and deception engendered by Defendants' misappropriation of the **PITBULL** Marks is causing irreparable harm as to the goodwill symbolized by the **PITBULL** Marks and the reputation for quality that they embody.

27. In addition, Defendants are actively using, without the consent of Plaintiffs, words and names that identify Pérez individually and in connection with descriptions, images, and/or references to Defendants' "PIT BULL" eyewear, all for Defendants' commercial purposes and financial gain.

9

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

28. Defendants recently began a widespread campaign involving use of the name "PIT BULL" on, *inter alia*, their website(s), thereby exploiting Pérez's publicity and celebrity with the goal of marketing Defendants' eyewear.

29. Perez never consented to the use of his professional persona in connection with Defendants' "PIT BULL" product or associated advertising thereof.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

30. Plaintiffs repeat and incorporate paragraphs 1 through 29 inclusive as if set forth verbatim herein.

31. Defendants' use of confusingly similar imitations of the **PITBULL** Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Plaintiffs, or associated or connected with Plaintiffs, or have the sponsorship, endorsement, or approval of Plaintiffs.

32. Defendants have used a mark confusingly similar to one or more of Plaintiffs' federally-registered **PITBULL** Marks in violation of 15 U.S.C. § 1114, and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiffs' goodwill and reputation as symbolized by the federally-registered **PITBULL** Marks, for which Plaintiffs have no adequate remedy at law.

33. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' federally-registered **PITBULL** Marks to Plaintiffs' great and irreparable injury.

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

34. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

35. Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

36. Plaintiffs repeat and incorporate paragraphs 1 through 29 inclusive as if set forth verbatim herein.

37. Defendants' unauthorized use of "PIT BULL" constitutes a false designation of origin and false description, and falsely represents to the public that the goods promoted, advertised, sold and offered for sale by Defendants, emanate from the same source or origin as Plaintiffs' goods and services, or are authorized, endorsed, sponsored, or otherwise approved by Plaintiffs.

38. Defendants, with knowledge of such falsity, offered, or caused to be promoted, advertised, sold and offered its goods and services in connection with trademarks that are confusingly similar to those of the **PITBULL** Marks.

39. Plaintiffs have been, and will be, irreparably damaged by said false designations, false descriptions, and false representations in that consumers are likely to be induced into dealing with Defendants in the mistaken belief that Defendants' eyewear, which has been promoted, advertised, solicited, sold or offered for sale in connection

11

with the **PITBULL** Marks, are authorized, endorsed, sponsored by or otherwise approved by Plaintiffs.

40. Defendants' acts constitute violations of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

41. Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiffs. Plaintiffs are entitled to injunctive relief and to recover any and all damages, costs, and reasonable attorneys' fees as provided pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

### THIRD CLAIM FOR RELIEF
**(Federal Dilution)**

42. Plaintiffs repeat and incorporate paragraphs 1 through 29 inclusive as if set forth verbatim herein.

43. The **PITBULL** Marks are strong and distinctive marks and have achieved enormous and widespread public recognition, and are thus "famous" within the meaning of the Lanham Act.

44. Defendants have used, in commerce, unauthorized reproductions of the **PITBULL** Marks, which are likely to cause, and most likely have caused, confusion or mistake as to the affiliation, connection, or association between Defendants and Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' products by Plaintiffs, which Plaintiffs have not given.

45. Defendants' acts described above have diluted and continue to dilute the unique and distinctive **PITBULL** Marks. These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Plaintiffs, causing

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

damage to Plaintiffs in an amount to be determined at trial, and have caused irreparable injury to the goodwill and reputation associated with the **PITBULL** Marks.

46. Upon information and belief, Defendants' unlawful actions began after the **PITBULL** Marks became famous.

47. Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on the reputation of, and to dilute, the **PITBULL** Marks. Defendants' conduct is willful, wanton, and egregious.

48. Defendants' acts constitute violations of Section 43(c) of the Lanham Act, as amended, 15 U.S.C. § 1125(c).

49. Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiffs. Plaintiffs are entitled to injunctive relief and to recover any and all damages, costs, and reasonable attorneys' fees as provided pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

**FOURTH CLAIM FOR RELIEF**
**(State Trademark Dilution and Injury to Business Reputation)**

50. Plaintiffs repeat and incorporate paragraphs 1 through 29 inclusive as if set forth verbatim herein.

51. Plaintiffs have extensively and continuously promoted and used the registered **PITBULL** Marks both in the United States and throughout the world, and the mark has become a distinctive, famous and well-known symbol of Plaintiffs' goods and services.

52. Defendants' unauthorized use of the **PITBULL** Marks dilutes and is likely to dilute the distinctiveness of the **PITBULL** Marks by eroding the public's exclusive

13

identification of these famous and well-known marks with Plaintiffs, and tarnishing and degrading the positive associations and prestigious connotations of the **PITBULL** Marks.

53. Defendants are causing and will continue to cause irreparable injury to Plaintiffs' goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiffs' famous and distinctive **PITBULL** Marks in violation of Florida law, FLA. STAT. ANN. § 495.151. Plaintiffs therefore are entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(Common Law Trademark Infringement and Unfair Competition)**

54. Plaintiffs repeat and incorporate paragraphs 1 through 29 inclusive as if set forth verbatim herein.

55. Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion to the irreparable injury of Plaintiffs unless restrained by this Court. Plaintiffs have no adequate remedy at law for this injury.

56. On information and belief, Defendants acted with full knowledge of Plaintiffs' use of, and statutory and common law rights to, the **PITBULL** Marks and without regard to the likelihood of confusion of the public created by Defendants' activities.

57. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the **PITBULL** Marks to the great and irreparable injury of Plaintiffs.

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

58. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

59. As a result of Defendants' acts, Plaintiffs have been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Plaintiffs are entitled to injunctive relief, to an accounting of Defendants' profits, to damages, and to costs. In light of the deliberately fraudulent and malicious use of confusingly similar imitations of the **PITBULL** Marks, and the need to deter Defendants from similar conduct, Plaintiffs additionally are entitled to punitive damages..

## SIXTH CLAIM FOR RELIEF
### (Violation of Florida's Right to Publicity Statute)

60. Plaintiffs repeat and incorporate paragraphs 1 through 29 inclusive as if set forth verbatim herein.

61. Through the sale of "PitBull" eyewear, Defendants have engaged in the unauthorized publication, printing, displaying and other public use, for the purposes of trade or for commercial or advertising purpose, of Pérez's professional name **PITBULL**.

62. Such unauthorized use by Defendants complained of herein constitutes an invasion of Pérez's right to publicity, actionable under FL. STAT. § 540.08, in that Defendants are using words and names that identify Pérez in connection with Defendants' "PitBull" product, for Defendants' own financial gain.

63. By reason of the acts of Defendants herein alleged, Pérez has suffered and, unless Defendants are restrained from continuing their wrongful acts, will continue to suffer serious and irreparable harm for which he has no adequate remedy at law.

15

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that the Court:

1. Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined preliminarily and permanently, from:

    a. using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, or in any way similar to the trademarks or trade dress of Plaintiffs;

    b. using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with Defendants' goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiffs, or are sponsored or authorized by Plaintiffs or are in any way connected or related to Plaintiffs;

    c. using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with Defendants' goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, trade dress, service marks, names, or logos of Plaintiffs;

    d. passing off, palming off, or assisting in passing off or palming off Defendants' goods or services as those of Plaintiffs, or otherwise

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

       continuing any and all acts of unfair competition as alleged in this Complaint;

e. Representing or suggesting in any fashion to any third party that Defendant's good and services are affiliated with, sponsored by, or otherwise connected with Plaintiffs;

f. Doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers into the belief that Defendant's goods and services are authorized, sponsored, licensed, endorsed, promoted, or condoned by Plaintiffs, or are otherwise affiliated with or connected to Plaintiffs; and

g. Engaging in any activity that will cause the distinctiveness of the **PITBULL** Marks to be diluted.

2. Order Defendants to file with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of the injunction prayed for herein, a report in writing under oath setting forth in detail the form and manner in which they have complied with the permanent injunction, pursuant to 15 U.S.C. 1116(a);

3. Order Defendants to pay to Plaintiffs all gains, profits, and advantages derived by Defendant as a result of Defendant's unfair competition;

4. Order that Defendants, in accordance with 15 U.S.C. §§ 1116(d) and 1118, be required to deliver up to be impounded during the pendency of this action all infringing advertising, promotional, or other materials in their possession or under their control, and to deliver up for destruction all infringing copies and all patterns, dies,

17

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

molds, and other paraphernalia used for making such infringing copies or for reproducing Defendants' infringing marks;

       5.      Order that Defendants be required to pay to Plaintiffs treble damages pursuant to 15 U.S.C. § 1117(b);

       6.      Order Defendants to pay Plaintiffs punitive damages in a sum to be determined at trial on the basis of Defendants' deliberate and intentional infringement and unfair competition.

       7.      Order that Defendants be required to pay to Plaintiffs the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1117; and

       8.      Order that Plaintiffs be awarded such other and further relief as the Court finds just.

## JURY TRIAL DEMAND

Plaintiffs respectfully demand a trial by jury on all claims and issues so triable.

DATED: February 9, 2015               Respectfully submitted,

                                              **FRIEDLAND VINING, P.A.**

                                              /s/Jaime Rich Vining
                                              By: **David K. Friedland**
                                              Florida Bar No. 833479
                                              Email: dkf@friedlandvining.com
                                              **Jaime Rich Vining**
                                              Florida Bar No. 030932
                                              Email: jrv@friedlandvining.com
                                              1500 San Remo Ave., Suite 200
                                              Coral Gables, FL 33146
                                              (305) 777-1720 – telephone

18

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

(305) 456-4922 – facsimile
***Counsel for Plaintiffs***

19

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

## VERIFICATION

In accordance with 28 U.S.C. § 1746, I, Armando Perez, declare under penalty of perjury that I have read the foregoing Verified Complaint and that the facts stated therein are true and correct.

Executed in Miami, Florida, this 9th day of February, 2015.

Armando Perez